UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

George Peter Mann and
George P. Mann and Associates,

    Plaintiffs,

v.                                                                     Case No. 16-11979
                                                                       Hon. Victoria A. Roberts

Nancy Hage and
Wessam Bou-Assaly,

    Defendants.
_____/

**ORDER DISMISSING COMPLAINT**

**I.    Introduction**

Plaintiffs George P. Mann and George P. Mann & Associates, a law firm, filed a complaint on June 1, 2016 alleging jurisdiction under the Declaratory Judgments Act, 28 U.S.C. §2201. However, the Declaratory Judgment Act is not an independent source of federal jurisdiction. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Plaintiffs fail to allege a basis for jurisdiction. Additionally, the Court finds this case is an anticipatory declaratory judgment action. The Court is under no compulsion to hear a declaratory judgment action and in its discretion, declines to do so.

The Complaint is **DISMISSED**.

**II.    Background**

Plaintiffs admit that they agreed to provide legal advice to Wessam Bou-Assaly for certain immigration issues but say they never represented his wife, Nancy Hage, in any legal or business matter. Plaintiffs say they are being threatened with litigation by

1

Bou-Assaly and Hage for legal malpractice.  Plaintiffs' three count complaint requests the following declaratory relief: (Count 1) George P. Mann is not liable for legal malpractice to Hage; (Count 2) law firm George P. Mann and Associates is not liable for legal malpractice to Hage; and (Count 3) George P. Mann is not liable for legal malpractice to Bou-Assaly.  As an exhibit to the Complaint, Plaintiffs attach a copy of a letter from Defendants' counsel, dated April 22, 2016.  The letter says, in part:

> Please be advised that my firm anticipates filing attorney malpractice claims against you and your firm on behalf of Dr. Wessam Bou-Assaly and his wife Nancy Hage arising from your representation of Dr. Bou-Assaly, including the circumstances leading to his detention and deportation following his re-entry to the United States in July 2015.  Please report this matter to your professional liability carriers.

ECF No. 1, Exhibit B at 7.

Two weeks later, on June 14, 2016, Bou-Assaly and Hage filed a separate complaint in the Eastern District of Michigan against George P. Mann and George P. Mann & Associates.  This case was assigned to the Honorable George Caram Steeh. The second lawsuit has additional defendants: Laurence H. Margolis and Margolis Law, P.C.  The Margolis defendants are alleged to have engaged in legal malpractice arising out of the same series of events.

**III.   Discussion**

    **A.   Diversity Jurisdiction**

Without referencing a statute, Plaintiffs appear to allege diversity jurisdiction under 28 U.S.C. §1332 because they say they are being threatened with legal malpractice for more than seventy-five thousand dollars.  But, the Court is not satisfied

that complete diversity exists. Section 1332(a)(2) allows suits between citizens of a state and citizens or subjects of a foreign state. Plaintiffs says since both defendants are presently in Dubai, litigation is proper anywhere in the country.

Plaintiffs must affirmatively allege citizenship. The Complaint says George P. Mann resides in Michigan and defendants "are presently in Dubai." This is insufficient. Plaintiff must specifically allege which state each person is a citizen of, not residency. *Walker v. Iverson*, 509 Fed. Appx. 394, 396 n.1 (6th Cir. 2012). Plaintiff must also inform the Court whether any of the defendants are lawfully admitted for permanent residence in the United States and where they are domiciled.

Plaintiffs describe the defendant law firm as a "P.C." For purposes of the diversity jurisdiction a professional corporation is treated like any other corporation. *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 739 (7th Cir. 2004). Plaintiffs fail to advise the Court where "George P. Mann and Associates" is incorporated and where its principal place of business is located.

Plaintiffs fail to allege federal question jurisdiction. The complaint concedes legal malpractice is a state issue. However, Plaintiffs say the issue here is the threat of a lawsuit and the threat of damage to professional reputation. This is insufficient to allege a claim arising under federal law.

      **B.**      **Anticipatory Declaratory Judgment Action**

The first-to-file rule provides that when actions involving nearly identical parties and issues are filed in two different district courts, the first suit filed should generally proceed to judgment. *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates, Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) (unpublished). Factors that weigh against enforcing

the first-to-file rule include "extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Zide*, 16 F. App'x at 437; *Van Andel Inst. v. Thorne Research, Inc.*, No. 12-CV-731, 2012 WL 5511912, at *1 (W.D. Mich. Nov. 14, 2012).

"A plaintiff, even one who files first, does not have the right to bring a declaratory judgment action in the forum of his choosing." *Zide,* 16 F. App'x at 437 (citing *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987)). District courts have discretion to decide whether to entertain an action under the Declaratory Judgment Act. *AmSouth Bank v. Dale*, 386 F.3d 763, 784 (6th Cir. 2004).

The Sixth Circuit adopted a five-factor test to determine when a district court should exercise jurisdiction over a declaratory judgment action. Courts should consider whether: (1) the judgment would settle the controversy; (2) the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*;" (4) the use of a declaratory action would increase the friction between the federal and state courts and improperly encroach on state jurisdiction; and (5) an alternative remedy would be better or more effective. *Id.* at 785.

The Court finds these favors weigh in favor of declining to entertain the action.

   **1.   Whether Judgment will Settle the Controversy**

The first factor weighs against exercising jurisdiction. The second case alleges three counts: (Count 1) attorney malpractice against Mr. Mann and the Mann Firm; (Count 2) attorney malpractice against Mr. Margolis and the Margolis Firm; and (Count

4

3) loss of consortium and companionship against all defendants.

Since the second case contains an additional cause of action against Mann and the Mann Law Firm, the judgment Plaintiffs seek will not settle the controversy.

### 2. Whether the Declaratory Judgment Action will Serve a Useful Purpose in Clarifying the Legal Relations at Issue

The second factor weighs against exercising jurisdiction. There appears to be no immediate identified need to clarify the legal relations at issue. Plaintiffs seek a declaratory judgment that they are not liable for legal malpractice. These issues can be adequately addressed by the second case in front of Judge Steeh.

### 3. Whether Plaintiff is Using this Declaratory Judgment Remedy Merely to Secure the Forum of its Choice

This factor weighs against exercising jurisdiction. "The third factor is meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum.'" *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 558 (6th Cir. 2008) (citing *AmSouth Bank v. Dale*, 386 F.3d at 788). It appears from the letter attached to the Complaint that Plaintiffs knew a legal malpractice suit was imminent and filed the complaint as an anticipatory suit.

### 4. Whether Use of a Declaratory Action will Increase the Friction Between Federal and State Courts and Improperly Encroach on State Jurisdiction

This factor is not at issue since both cases were filed in Federal Court.

### 5. Whether there is a Better or more Effective Alternative Remedy

The Court finds that Bou-Assaly and Hage are the natural Plaintiffs here. While

Mann and the Mann Law Firm say they are not liable for legal malpractice, the relief they seek can be adequately and more properly addressed within the context of the second case.

## IV.     Conclusion

In its discretion, the Court declines to exercise jurisdiction over this declaratory action.  The Complaint is **DISMISSED**.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 29, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 29, 2016.

s/Linda Vertriest
Deputy Clerk